**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VIOLA CROWDER,

      Plaintiff,

vs.                                        CASE NO. 3:05-cv-470-J-HTS

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.

## O R D E R

This cause is before the Court on the Unopposed Motion to Remand (Doc. #16; Motion), filed on November 15, 2005. Defendant requests the case be remanded "to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g)." *Id.* at 1. It is represented counsel for Plaintiff does not object. *Id.* at 2. The Motion was supplemented on November 22, 2005. The Commissioner's Supplemental Motion to Remand (Doc. #18; Supplement).

The Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

record in a prior proceeding" under sentence six of 42 U.S.C § 405(g).

The Commissioner seeks remand in this case for consideration of evidence from Shands Jacksonville as well as other action detailed in the Motion.  Motion at 1.  It is asserted the evidence at issue "is new and noncumulative in that the evidence from Shands Jacksonville is the only evidence of record from Plaintiff's treating sources, which was not part of the record at the time of the ALJ's decision."  Supplement at 2.  Further, "[t]he good cause element is satisfied because although the evidence existed at the time of the ALJ's decision, it appears that Plaintiff's prior attorney . . . was negligent in obtaining and submitting the records after telling the ALJ he would do so[.]"[1]  *Id.*  Materiality is also discussed in detail.  *See id.* at 3-4.

Upon review of the record, the Court finds a sentence six remand is appropriate in this case.  Accordingly, the Motion (Doc. #16) is **GRANTED** and the case is **REMANDED** pursuant to sentence six of 42 U.S.C. § 405(g) with instructions for the Commissioner to:

> (1) consider the evidence submitted to the Appeals Council from Shands Jacksonville; (2) offer Plaintiff the opportunity for another hearing; (3) consolidate Plaintiff's subsequent claims pending in the hearing office; (4) take any further action needed to complete the administrative record and issue a new decision; and

---

[1] Defendant notes that "Plaintiff points out in her brief [the attorney] was apparently disbarred by order of the Florida Supreme Court[.]" *Id.*; *see also* Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #15) at 11.

    (5) [undertake] any other proceedings the Commissioner deems necessary.

Motion at 1. The Clerk of the Court is directed to administratively close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of November, 2005.

                                         /s/       Howard T. Snyder
                                         HOWARD T. SNYDER
                                         UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any